## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARCUS CREIGHTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 15 C 4121 |
| | ) |
| METLIFE, INC. et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Metropolitan Life Insurance Company's (MLIC) motion to transfer. For the reasons stated below, the motion to transfer is granted in part.

## BACKGROUND

Plaintiff Marcus Creighton (Creighton) alleges that he is African American and that he worked for MLIC beginning in 2001. Creighton contends that he was the only African American employee in his region. According to Creighton, MLIC discriminated against him because of his race by allegedly denying him valuable client leads, denying him referrals, denying him account transfers, denying him certain distributions, refusing to allow him to pool resources, and denying him

1

opportunities to join management. Creighton includes in his complaint claims brought under 42 U.S.C. § 1981 (Section 1981) alleging race discrimination (Count I), and Section 1981 retaliation claims (Count II). MLIC now moves to transfer the instant action to the Eastern District of Missouri.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

MLIC moves to transfer the instant action to the Eastern District of Missouri.

I.  Creighton's Choice of Forum

Creighton argues that his choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the

plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  Creighton argues that the court should consider his desire to proceed in the Northern District of Illinois.  Creighton's choice of forum is merely one factor to consider and is not a controlling factor.  In response to the instant motion, Creighton also indicates that if the court concludes that a transfer is appropriate, suitable districts would be either the Southern District of Illinois or the Southern District of New York.  Thus, although Creighton has indicated his first choice would be the instant district, he has other districts that he would prefer as well.  A transfer to either one of those other districts that are proposed by Creighton would, at least in part, accommodate Creighton's choice of forum.   The fact that Creighton also indicates that he intends to bring a nationwide class action in this case further lessens the deference that should be accorded to his choice of forum.

## II.  Convenience of Parties and Witnesses

MLIC argues that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Eastern District of Missouri.  MLIC argues that many of the key witnesses are located in Missouri such as Creighton's supervisors.  The record also indicates that Creighton worked in Missouri and had his

clients there, which indicates that further evidence and witnesses might be more readily available in Missouri.

Creighton points out that several other key witnesses that were identified by MLIC are not located in Missouri. However, such witnesses are located in North Carolina, Connecticut and California and will be required to travel a significant distance whether this case proceeds in Illinois or Missouri. Creighton also argues that his counsel is based in Chicago and is not licensed to practice law in Missouri, which will cause Creighton significant cost and will cause him a hardship. While the Eastern District of Missouri might not clearly be a more convenient forum when taking into consideration the inconvenience to Creighton, Creighton indicates that the Southern District of Illinois would be an acceptable alternative to the instant district. Creighton indicates that he worked in the Southern District of Illinois. Thus, certain witnesses and evidence my be present in the Southern District of Illinois. The Southern District of Illinois, East St. Louis Division is also in close proximity to the Eastern District of Missouri, and specifically St. Louis where material events occurred, thus limiting any inconvenience to witnesses in Missouri. Thus, the Southern District of Illinois is clearly a more convenient forum than the instant district or the Eastern District of Missouri.

III.  Interest of Justice

MLIC contends that the interest of justice would be promoted by a transfer to the Eastern District of Missouri. In addressing the interest of justice factor, a court

may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

Although Creighton worked in Missouri, the record indicates that he also worked in Illinois. Any local interests involved in this case are also limited due to the fact that Creighton intends to pursue a nationwide class action. Based on the location of the evidence and witnesses, and other facts relating to the convenience factor, the efficient administration of this case can best occur in the Southern District of Illinois. Based on the above, the Southern District of Illinois is clearly a more convenient forum than the instant district or the Eastern District of Missouri. Therefore, the motion to transfer is granted in part, and the instant action is transferred to the Southern District of Illinois, East St. Louis Division.

## CONCLUSION

Based on the foregoing analysis, MLIC's motion to transfer is granted in part and the instant action is transferred to the Southern District of Illinois, East St. Louis Division.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 27, 2015